UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

FILED
FEB 2 7 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| HYDE LEADERSHIP PUBLIC CHARTER SCHOOL, ) ) ) Plaintiff, ) ) v. ) ) TRACY V. LEWIS, et al., ) ) Defendants. ) | Civil Case No. 05-0487 (RJL) |

### MEMORANDUM OPINION AND ORDER
(February 22, 2006) [#9]

Plaintiff, Hyde Leadership Public Charter School, filed the complaint in the above-captioned action against the defendants, Tracy V. Lewis, next friend of the minor child I.T., I.T. and the Government of the District of Columbia (the "District"), seeking review of the decision and order by an impartial hearing officer pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400 et seq. Defendant Lewis brought a counter-claim against the plaintiff and the District seeking attorney's fees as the prevailing party under the IDEA hearing. Presently before the Court is the District's motion to dismiss or, in the alternative, for summary judgment, as to the counter-claims brought against the District by defendant Lewis. For the following reasons, the Courts GRANTS the District's motion to dismiss defendant Lewis' counter-claim.

Local Rule of Civil Procedure 7(b) provides that an opposing party has 11 days to file a memorandum in opposition to the motion and if such party fails to do so, the court may

1

treat the motion as conceded. LCvR. 7(b). This rule is a "docket-management tool that facilitates efficient and effective resolution of motions by requiring the prompt joining of issues." *Fox v. American Airlines, Inc.*, 389 F.3d 1291, 1294 (D.C. Cir. 2004). In *Fox*, the D.C. Circuit affirmed the District Court's holding that "because the plaintiffs failed to respond to the defendant's...motion, the court treats the motion as conceded and grants the motion." *Id.* (citations omitted). Whether to treat the motion as conceded under Local Rule of Civil Procedure 7(b) is highly discretionary; it should be noted that "where the district court relies on the absence of a response as a basis for treating the motion as conceded, [the D.C. Circuit will] honor its enforcement of the rule." *Twelve John Does v. District of Columbia*, 117 F.3d 571, 577 (D.C. Cir. 1997).

In light of the fact that defendant Lewis failed to file an opposition to the District's motion to dismiss defendant Lewis' counter-claim, even when the Court issued an Order requiring defendant Lewis to file an opposition to the motion and advising her of the consequences of failing to do so, (*See* Dkt.12), the Court will treat the District's motion as conceded. LCvR 7(b).

Therefore, having treated the District's motion as conceded and having reviewed the record, the Court finds in favor of the District and GRANTS the District's motion to dismiss defendant Lewis' counter-claim [#9]. An appropriate Order will issue with this Memorandum Opinion.

**ORDER**

For the reasons set forth above, it is this 23 day of February, 2006, hereby

2

**ORDERED** that the defendant District of Columbia's [#9] motion to dismiss defendant Lewis' counter-claim is **GRANTED**, and it is further

**ORDERED** that defendant Lewis' counter-claim herein is **DISMISSED** as to defendant District of Columbia.

**SO ORDERED.**

                                                    */s/ Richard J. Leon*
                                                    RICHARD J. LEON
                                                    United States District Judge