**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

**FILED**

**SEP 1 1 2006**

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | | |
|---|---|---|
| **HYDE LEADERSHIP PUBLIC CHARTER SCHOOL,** | ) ) ) | |
| **Plaintiff,** | ) ) | |
| **v.** | ) ) | **Civil Case No. 05-0487 (RJL)** |
| **TRACY V. LEWIS, et al.,** | ) ) | |
| **Defendants.** | ) ) | |

**MEMORANDUM OPINION AND ORDER**
(September **9**, 2006) [#17]

Presently before the Court is the District of Columbia's ("District") motion for reconsideration of this Court's February 7, 2006 denial of the District's Motion to Dismiss, or, in the alternative, for summary judgment. For the following reasons, the Courts GRANTS the District's Motion for reconsideration.

**BACKGROUND**

Plaintiff, Hyde Leadership Public Charter School ("Hyde"), filed the complaint in the above-captioned action against the defendants, Tracy V. Lewis, next friend of the minor child I.T., I.T., and the Government of the District, seeking review of the decision and order by an impartial hearing officer pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400 *et seq.* Hyde is a District of Columbia Public Charter School that has elected to be its own local education agency ("LEA"). (Compl. ¶ 2.)

On August 10, 2005, the District filed a Motion to Dismiss, or, in the alternative, for

1



Summary Judgment. The District argued that it was not a "proper party" to this litigation because Hyde is solely responsible as an LEA for compliance with IDEA, the District has no control over the hearing officer who governed over the initial IDEA proceeding, and the District is not a necessary party to this litigation. (Def.'s Mot. Dismiss at 4-5.) This Court denied the District's Motion in February 2006.

### ANALYSIS

On the motion of a party and "upon such terms as are just," a district court may relieve a litigant from a final judgment. Fed. R. Civ. P. 60(b). In exercising this discretion, a district court "must balance the interest in justice with the interest in protecting the finality of judgments." *Summers v. Howard Univ.*, 374 F.3d 1188, 1193 (D.C. Cir. 2004). Under Rule Rule 60(b), a district court has substantial discretion in ruling on motions for reconsideration. *Richardson v. Nat'l R.R. Passenger Corp.*, 49 F.3d 760, 765 (D.C. Cir. 1995) (noting district court's "broad discretion" in ruling on a Rule 60(b)(6) motion).

The District asks this Court to review its decision of whether it is a proper party to plaintiff's appeal of the impartial hearing officer's administrative decision. In support of its argument that it should be dismissed, the District draws the Court's attention to three analogous and recently decided cases by three other members of our Court, *Friendship Edison Public Charter School Chamberlain Campus v. Smith*, 429 F. Supp. 2d 195 (RCL) (D.D.C. 2006), *Hyde Leadership Public Charter School v. Clark*, 424 F. Supp.2d 58 (JR) (D.D.C. 2006), and *Idea Public Charter School v. Belton*, Civ. A. No. 05-467, 2006 WL 667072 (RMC) (D.D.C. Mar. 15, 2006). In each case brought pursuant to IDEA, the court

granted the District's motion to dismiss where an LEA charter school was appealing the decision of an impartial hearing officer. *Smith*, 429 F. Supp. 2d at 198; *Clark*, 424 F. Supp. 2d at 60; *Belton*, 2006 WL 667072, at *5-*6.

The reasoning underlying these three rulings was set forth first by Judge Collyer in the *Belton* case. In *Belton*, Judge Collyer explained that local education charter schools, as LEA's, are independent entities under the IDEA. *Belton*, 2006 WL 667072, at *5-*6. They are, thus, individually responsible for providing the free appropriate public education that is mandated by the IDEA. *Id.* Moreover, Judge Collyer noted that disputes with LEA charter schools are presented to impartial hearing officers that are not employed by the D.C. Board of Education, and the District has "no authority to direct, rescind, overrule, modify, or alter the substantive decision of any hearing officer." *Id.* at *3 (citing D.C. Mun. Reg. § 5-2407.4). Thus, Judge Collyer concluded, because a local education agency charter is distinct from a D.C. public school charter, and because the hearing officers are independent of the District, "complete relief can be afforded to the parties without requiring the School to join the District as a defendant, and . . . the District's absence will neither impair its ability to protect its interest nor leave the remaining parties subject to inconsistent judgments." *Belton*, at *5. The other two judges who subsequently faced this very issue both adopted this reasoning to dismiss the District as a defendant. *Smith*, 429 F. Supp. 2d at 198; *Clark*, 424 F. Supp. 2d at 60.

Here, as in those three cases, Hyde is similarly a charter school that has elected to be its own LEA. (Compl. ¶ 2.) Accordingly, it is independently responsible for complying with

3

IDEA by providing a free appropriate public education to its students.  As such, complete relief can be provided to the parties *without* the District as a party.  Therefore, in light of these facts and for the reasons set forth in the three recent decisions by judges of our Court, this Court reconsiders its February 7, 2006 Order, and grants the District's Motion to Dismiss.

## ORDER

For the reasons set forth above, it is this ___ day of September, 2006, hereby

**ORDERED** that the defendant District of Columbia's [#17] Motion for Reconsideration is **GRANTED**, and it is further

**ORDERED** that the defendant District of Columbia's [#6] Motion to Dismiss is **GRANTED**, and it is further

**ORDERED** that the case is dismissed as to defendant the District of Columbia.

**SO ORDERED.**

RICHARD J. LEON
United States District Judge

4